O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMAIRA RAHMAN and SYED RAHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MTGLQ INVESTORS, L.P.; RUSHMORE LOAN MANAGEMENT SERVICES LLC; QUALITY LOAN SERVICE CORP.,<br><br>Defendants. | Case No.: 2:23-cv-08722-MEMF-PD<br><br>**ORDER DENYING MOTION TO REMAND [ECF NO. 21]** |

Before the Court is Motion to Remand filed by Plaintiffs Sumaira and Syed Rahman. ECF No. 21. For the reasons stated herein, the Court hereby **DENIES** the Motion to Remand.

///

I. **Background**

A. **Factual Background**[1]

Plaintiffs Sumaira and Syed Rahman (collectively, the "Rahmans") are the owners of a property located at 1897 Ribera Drive, Oxnard, California 93030 (the "Property"). Compl. ¶ 1. Plaintiffs purchased the Property in 2002. Compl. at 4.[2] In 2008, the Rahmans refinanced their mortgage with JPMorgan Chase. *Id.* In 2017, JPMorgan Chase transferred the Rahmans' loan to Defendant MTGLQ Investors LP ("MTGLQ"). Compl. at 4, ¶ 2.

Defendant Rushmore Loan Management Services LLC ("Rushmore") is the current servicer on the loan. Compl. ¶ 3. Defendant Quality Loan Service Corp. ("Quality") is a trustee in the business of conducting non-judicial foreclosures of real property. Compl. ¶ 4.

The Rahmans allege that after MTGLQ took over their loan, a slew of issues arose. Compl. at 4. For example, the Rahmans allege that after MTGLQ took over their loan, Rushmore began adding unlawful fees to their mortgage account. *Id.* Although the Rahmans sent Rushmore Qualified Written Requests ("QWR") inquiring and disputing the fees, Rushmore never responded. *Id.* at 4–5. The Rahmans also allege that Rushmore failed to comply with the Deed of Trust when it recorded a Notice of Default on January 24, 2019, that was later rescinded. *Id.* at 5.

After the recission of the January 24, 2019 Notice of Default, the Rahmans applied for a loan modification with Rushmore. *Id.* The Rahmans allege that during the consideration of their application, Rushmore filed another Notice of Default. *Id.* at 5–6.

B. **Procedural History**

The Rahmans filed their Complaint on March 24, 2023, in the Superior Court of the State of California for the County of Ventura. *See* Compl. The Complaint lists the following six causes of action: (1) violations of California Homeowner Bill of Rights; (2) violation of California Civil Code § 2923.5; (3) declaratory relief; (4) injunctive relief; (5) Accounting; (6) Unlawful addition of

---

[1] The following factual background is derived from the allegations in Plaintiffs Sumaira and Syed Rahman's Complaint, ECF No. 1-3 ("Compl."), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

[2] The Rahmans' Complaint does not include numbered paragraphs throughout. As such, the Court cites to page numbers (those inherent to the Complaint) where necessary.

approximately 100K in miscellaneous charges on Plaintiff's mortgage account; (7) unlawful NOD with wrong amount; (8) unlawful and expired NTS with wrong balance; (9) slander of title; and (10) temporary restraining order.

Rushmore and MTGLQ removed the case to this Court on October 16, 2023. Notice of Removal, ECF No. 1 ("NOR"). Quality consented to the removal. ECF No. 1-2.

On November 11, 2023, the Rahmans filed the instant Motion to Remand. ECF No. 21 ("Motion" or "Mot."). On December 20, 2023, MTGLQ filed its Opposition to the Motion (ECF No. 22, "MTGLQ Opposition" or "MTGLQ Opp'n"), and on December 21, 2023, Rushmore filed its Opposition to the Motion (ECF No. 23 "Rushmore Opposition" or "Rushmore Opp'n"). The Rahmans did not file a Reply. The hearing on the Motion was held on January 10, 2024.

## II.  **Applicable Law**

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, ... original subject-matter jurisdiction [must] lie[ ] in the federal courts."). When doubt regarding whether the right to removal exists, a case should be remanded to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Further, a removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

One possible basis for removal of state action is federal question jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question subject matter jurisdiction exists when claims are brought under a federal statute. 28 U.S.C. § 1331. To determine whether an action involves a federal question, "a court applies the well-pleaded complaint rule." *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F. 3d 1241, 1243 (9th Cir. 2009) (internal citations and quotations omitted). This rule provides that federal jurisdiction exists only when a "federal question is presented on the face of the plaintiff's properly pleaded

complaint." *Retail Prop. Tr. v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (internal quotations omitted). A federal question may be presented where federal law creates a cause of action or "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986).

A plaintiff cannot defeat removal through "artful pleading," that is, disguising or "artfully pleading" a federal claim as a state claim. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981) (Upholding court of appeals decision removing case to federal court where claims had "sufficient federal character to support removal").

### III. Discussion

#### A. The Complaint States a Federal Cause of Action under RESPA

In the parties' briefing, the main dispute between the parties was whether the Rahmans' claims resting on RESPA violations arise out of federal law or state law such that the case falls within the Court's federal question jurisdiction. However, at the hearing, Mr. Rahman admitted that the Complaint alleged a RESPA violation and that the claim was federal. Thus, the Court has federal question jurisdiction over, at minimum, the sixth cause of action asserting a RESPA violation[3] and supplemental jurisdiction over the Rahmans' other claims, as the claims all appear to arise out of the same nucleus of fact—the Defendants' alleged violations of various laws related to foreclosure. *See* 28 U.S.C. § 1367(a)–(c).

In their briefing, the Rahmans also argued that removal was improper based solely on a RESPA violation, that their RESPA claim was barred by the statute of limitations, that they could amend their Complaint to remove the RESPA claim, and finally, that Shell Mortgage Servicing ("Shellpoint"), a non-party, did not consent to removal. The Court addresses each argument in turn.

---

[3] There also appears to be a dispute as to whether the Rahmans attempted to meet and confer with counsel for Rushmore prior to filing their Motion. *See* Declaration of Kristine Kruger, ECF No. 23-1 ("Kruger Decl."), ¶ 1–3. If true, the Court does not condone such conduct, as it is a violation of the local rules, and *pro se* plaintiffs are expected to comply with the local rules to the same extent as represented parties. *See* L.R. 83-2.2.3. The Court thus reminds the parties to comply with all applicable rules in the future.

First, the Rahmans argue that a state court action may not be removed to federal court solely based on a RESPA violation, but the Rahmans cite no case law for this proposition, and the Court sees no reason why RESPA should be treated differently from any other federal law.

Second, the Rahmans also argue that their RESPA claim has already expired under the three-year statute of limitations, but, assuming the three-year statute of limitations is correct, the Rahmans allege RESPA violations dating back to June and November 2021; these claims are thus facially within the statute of limitations.

Third, the Rahmans assert that they can amend their complaint and remove any reference to federal laws. While the Court acknowledges that the Rahmans may amend their complaint as proposed, the amended complaint is not before the Court, and the Court must determine removal jurisdiction based on the complaint before it. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) ("In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed.").

Finally, the Rahmans also contend that removal is improper because Shellpoint, a loan servicer that is not a party to this action, did not consent to removal. At the hearing, Mr. Rahman stated that Shellpoint, not Rushmore, was the servicer for the Rahmans' mortgage at the time of removal, and thus, Rushmore did not have standing to remove the action. Only those defendants who have been properly joined and served must consent to removal. 15 U.S.C. § 1446(b)(2)(A). Here, all three properly joined Defendants (Rushmore, Quality, and MTGLQ) consented to removal. *See* NOR (filed by MTGLQ and Rushmore); ECF No. 1-2 (Quality consented to removal). Shellpoint, on the other hand, is not named in the operative Complaint and is not, at this time, a party to the action. Thus, Shellpoint's consent to removal is not required. Also, Mr. Rahman's argument that Rushmore does not have standing to remove the action is incorrect. Rushmore may not have been the servicer of the Rahmans' mortgage at the time of removal, but Rushmore is a defendant in this case, and so, Rushmore had the power to remove the action to this Court. *See* 28 U.S.C. § 1446(a) (Stating that "[a] *defendant* . . . desiring to remove any civil action from a State court shall file" a notice of removal in federal court).

///

### B. The Rahmans Must Seek Leave to Amend

At the hearing, Mr. Rahman also requested that the Court grant the Rahmans leave to amend the Complaint to add Shellpoint, remand the action to state court, and let Shellpoint decide if they want to consent to removal.

Before trial, a plaintiff may amend his or her complaint once without seeking court approval or with the opposing party's written consent. If a plaintiff, like the Rahmans, seeks to amend his complaint after that time period, that plaintiff must either obtain the opposing party's written consent or the court's permission to do so. At this time, the Rahmans must either obtain MTGLQ, Rushmore, and Quality's written consent to leave or the Rahmans must file a motion asking the Court for leave to amend their Complaint under Federal Rule of Civil Procedure 15(a)(2).

### C. *Pro Se* Resources

At the hearing, Mr. Rahman indicated that he was not familiar with any *pro se* resources offered either by the Court or outside parties.

Although the Rahmans are proceeding *pro se*, i.e., without legal representation, they nonetheless are required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. The Clinic is open by appointment only, and *pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

### IV. Conclusion

For the foregoing reasons, the Court hereby DENIES the Rahmans' Motion.

IT IS SO ORDERED.

Dated: January 24, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge